# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, SPECIAL TERM
----------------------------------------------------------------------x

251 WEST 36th STREET LLC,                                    Index No.: 107 835/2007

                                    Petitioner,

                - against -                                  NOTICE OF PETITION
                                                            TO VACATE
                                                            ARBITRATION AWARD
MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION

                                    Respondent.
----------------------------------------------------------------------x

      **PLEASE TAKE NOTICE**, that upon the annexed Petition of Joseph M. Labuda, counsel for Petitioner, 251 West 36th Street LLC, verified on the 1st day of June, 2007, and Affidavit of Fred Srour sworn to on the 22nd day of May, 2007 the award of the arbitrator in the arbitration proceedings between the petitioner 251 West 36th Street LLC , and the respondent, Michael Fishman, President, Local 32BJ, Service Employees International Union, signed and acknowledged on the 1st day of May, 2007, and upon all the papers and proceedings heretofore and herein, an application will be made to Special Term, Motion Submission Part, Room 130 of this court, to be held at the courthouse thereof, located at 60 Center Street, on the 29th day of June, 2007 at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel may be heard, for a judgment pursuant to CPLR 7511 vacating and setting aside the aforesaid award upon the ground that petitioner was not properly notified that a hearing was scheduled for April 5, 2007, and that therefore, it was not given the opportunity to present its case, and for such other and further relief as may be just, proper and equitable, together with the costs and disbursements of this proceeding.

PLEASE TAKE FURTHER NOTICE, that an answer and supporting affidavits, if any, shall be served at least seven (7) day before the aforesaid date of hearing.

Petitioner designates New York County as place of trial. The basis of venue is petitioner's principal place of business located at 369 Lexington Avenue, New York, New York.

Dated: Lake Success, New York
      June 1, 2007

Joseph M. Labuda
MILMAN & HEIDECKER
Attorneys for Petitioner
3000 Marcus Avenue, Suite 3W3
Lake Success, New York  11042
(516) 328-8899

To:    Debra Marakowitz, Esq.
       Attorney for Respondent
       Local 32B-32J, S.E.I.U.
       101 Avenue of the Americas
       New York, NY 10013-1906

# EXHIBIT 2

**FINDINGS**

The following findings are not in dispute and/or are based upon the substantial evidence in this case:

1. The Employer, located at 215 West 36th Street, New York, New York, employed in this apartment building four (4) bargaining unit members: one (1) superintendent, two (2) porters and one (1) freight elevator operator.

2. In late 2006, when a new contract was negotiated, the Employer asked to remove the superintendent position from the bargaining unit.

3. The Union accepted the request, provided that no other superintendent was hired, and the superintendent who was terminated had his position adjusted.

4. However, the building hired a new non-Union Superintendent.

   In addition, one porter, Melvil Avila, went out on Workers' Compensation, and he, too, was replaced with a non-Union porter.

5. The Union seeks an order from the undersigned directing the Employer to comply with the collective

3

bargaining agreement.

6.    Following the closing of the Hearing, but prior to the issuance of an Award, the Law Firm representing the Employer sent the following letter dated April 12, 2007 to the undersigned:

Re:   251 West 36th Street LLC
      Case No.: 24632
      M&H File No.:  88-2005

Dear Arbitrator Levine:

This law firm represents 251 West 36th Street LLC ("Company") in the above-referenced matter. This letter is written to request that the Arbitrator not issue a default award against the Company for its failure to appear at the April 5, 2007 arbitration.

The reason for the Company's failure to appear is due to office failure. The Office of the Contract Arbitrator mailed the notice of hearing on March 27, 2007. However, the notice went to the actual building site and not the managing agent's office at 369 Lexington Avenue. As a result, the building manager (who was out for the Passover holiday) only received the notice on April 11, 2007. Consequently, he did not know of the arbitration as he was observing the Passover holiday and could not attend the April 5, 2007 arbitration.

Moreover, the Union knew that this law firm represented the Company but failed to notify us of the arbitration date. (See attached letter).[1] In fact, the Union failed to contact me about its request for information. Furthermore, the Union had previously sent letters to the Company's management office (369 Lexington Avenue), but did not do so on this occasion.

Lastly, it should be noted that the OCA letter only gave the Company about a week's notice of the hearing which is insufficient notice of any hearing. In fact, C.P.L.R. §7506(b) required at least eight (8) days' notice of any

---

[1] The undersigned did not receive an attached letter.

4

hearing.

Therefore, the Company respectfully requests that the Arbitrator not issue a default award and schedule the matter for a hearing on the merits at the earlier possible date.

Very truly yours,
MILMAN & HEIDECKER

Joseph Labuda

JML:pag

cc:  Deborah Marakowitz – Via Facsimile
Yehuda Gaon – Via Facsimile

7.  In a letter dated April 16, 2007, Union Associate General Counsel Deborah L. Marakowitz responded to the Employer's Counsel's letter, as follows:

Dear Arbitrator Levine:

I am writing in response to the April 12, 2007 letter to you on behalf of 251 West 36th Street LLC ("the Employer").

The Employer has requested that you refrain from issuing a default award in the above-referenced matter based upon their failure to appear at the April 5, 2007 arbitration hearing or to request an adjournment from either the Union or the Office of the Contract Arbitrator prior to the date of the hearing. The hearing in this matte was held *ex parte* when the Employer, having been duly noticed, failed to appear or seek an adjournment of the hearing. The Arbitrator heard sworn testimony from the Union and indicated that an award sustaining the grievance in it entirety would be issued. Now, the Employer asks the Arbitrator to reopen this matter and schedule it for another hearing.

The claimed basis for the Employer's failure to appear or even request an adjournment is the observance of the Passover holiday by the building manager. While the

5

observance of the holiday might explain the building manager's unavailability to appear on April 5, it does not explain the Employer's failure to seek an adjournment of the scheduled hearing date. Passover began at sundown on April 2, 2007. The notice of hearing is this matter was mailed by the Office of the Contract Arbitrator on March 26, 2007 and received (according to the return receipt card) by the Employer on March 28, 2007. Thus, the Employer had ample opportunity to request an adjournment and has presented no reason whatsoever for its failure to do so. Notably absent from the Employer's request to reopen is any assertion that there was no one available to review the arbitration notice and contact OCA or the Union to seek the adjournment. It does not require the building manager to read a one-page notice and make a simple phone call.

The argument that either the Union or the Employer should have Mr. Labuda's office is simply untenable. The Union is under no obligation to notify counsel for any employer of a grievance and the responsibility to issue a notice of hearing for an arbitration rests solely with the Office of the Contract Arbitrator ("OCA"). OCA's practice is, and has been, to send such notices directly to the Union and to the affected Employer. Moreover, regardless of whether Mr. Labuda's firm, represented the building in past matters, there was no way for either the Union or OCA to know whether the Employer had retained or planned to retain Milman & Heidecker to represent it for this particular arbitration. Additionally, it would appear that the Employer itself failed to notify its attorneys of the pending hearing date, which they could easily have done between March 28, 2007 and April 5, 2007.

In short, the Employer has failed to establish any good cause for its failure to either appear for the arbitration or request an adjournment. Moreover, in light of the fact that the Employer has not submitted any evidence of a meritorious, or even colorable, defense to the issues presented in this matter it would be a waste of arbitral resources to reopen this hearing.

The Union respectfully requests that the Arbitrator deny the Employers request to reopen this hearing and issue a written award based upon the evidence presented at the hearing in this matter.

Respectfully submitted,

Deborah L. Marakowitz
Associate General Counsel

DLM
cc:  Denis Johnston, District 3 Supervisor
     (via inter-office mail)
     Joseph Labuda, Esq. (via facsimile only)

## OPINION

No good cause has been shown by the Employer for either its failure to appear at the April 5, 2007 Arbitration Hearing, or for its failure to request an adjournment of the scheduled Hearing.

With respect to the merits of this dispute, the Employer has offered no defense of its actions, which are the subject of this dispute, and no good cause has been shown by the Employer to schedule additional hearing(s).

I find that the Union is entitled to an order sustaining its grievance.

Accordingly, the following Award is rendered:

## AWARD

The Employer is ordered to comply with the collective bargaining agreement, as follows:

1. The bargaining unit shall be restored to its original size of four (4) bargaining unit members: one (1) superintendent, two (2) porters, and one (1) freight

7

elevator operator.

2.   The Employer is directed to pay to the Union all fund contributions, interest, damages and fees due to the unauthorized reduction in force.

3.   The Employer is directed to pay to the remaining workers who performed additional duties all wages saved to the extent the wages were unpaid due to the unauthorized reduction in force.

Dated:  May 1, 2007                   _____

                                      MARILYN M. LEVINE
                                      Contract Arbitrator

STATE OF NEW YORK:
                SS:
COUNTY OF NEW YORK:

I hereby affirm pursuant to CPLR Sec. 7507 that I am the individual described in and who executed this instrument which is my Award.

DATE:  May 1, 2007                    _____

                                      MARILYN M. LEVINE
                                      Contract Arbitrator

MML:dec

8

**Exhibit E**

OFFICE OF THE CONTRACT ARBITRATOR

John L. Anner
Stuart Bauchner
Noel Berman
Nicholas Cooney
John Dorsey
Howard C. Edelman
Robert Herzog

Theodore H. Lang
Marilyn M. Levine
Randi Lowitt
Earl Pfeffer
Elliott D. Shriftman
Walter X. Stanton
Bernard Young

*To ensure case is still on as scheduled, please call this office 24 hours in advance*

**Contract Arbitrators**

370 7th Avenue Suite 301
New York, NY 10001
**Tel: 212-645-0779**
**Fax: 212-645-3229**

In the Matter of the Arbitration between

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION

Notice of Hearing

Case #        24347

and



PLEASE TAKE NOTICE   that a  hearing re premises:        295 FIFTH AVENUE

Has been scheduled for        MAY 29TH  2007        at        1:15 PM

The Union alleges  that a dispute has arisen under the COLLECTIVE BARGAINING

AGREEMENT between the parties concerning

 CLAIMING REINSTATEMENT TO HIS PRIOR POSITION WITH FULL BACK PAY, BENEFITS, SENIORITY AND CONTRIBUTIONS TO THE BENEFIT FUNDS LOST BY HIS TERMINATION

Dated :        4/24/07

Very truly yours,

Dawn E. Cervi
Administrator

To:

JOSEPH LABUDA, ESQ.

cc: Local 32BJ, S.E.I.U.,

### OFFICE OF THE CONTRACT ARBITRATOR

John L. Anner
Stuart Bauchner
Noel Berman
Nicholas Cooney
John Dorsey
Howard C. Edelman
Robert Herzog

*Contract Arbitrators*

| To ensure case is still on as scheduled, please call this office 24 hours in advance |

Theodore H. Lang
Marilyn M. Levine
Randi Lowitt
Earl Pfeffer
Elliott D. Shriftman
Walter X. Stanton
Bernard Young

370 7th Avenue Suite 301
New York, NY 10001
**Tel: 212-645-0779**
**Fax: 212-645-3229**

---

*In the Matter of the Arbitration between*

**MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION**

*and*

Notice of Hearing

Case #        24700

�█▅▅▅▅▅▅▅▅▅▅▅▅

---

*PLEASE TAKE NOTICE   that a  hearing re premises:*          47 WEST 66TH STREET

*Has been scheduled for*        MAY 31ST 2007                *at*          1:15 PM

The Union alleges  that a dispute has arisen under the COLLECTIVE BARGAINING

AGREEMENT between the parties concerning

*CLAIMING REINSTATEMENT TO HIS PRIOR POSITION WITH FULL BACK PAY,
BENEFITS, SENIORITY AND CONTRIBUTIONS TO THE BENEFIT FUNDS LOST BY HIS
TERMINATION*

Dated :        4/24/07                          *Very truly yours,*

                                    Dawn E. Cervi
                                    *Administrator*

To:   ▅▅▅▅▅▅▅▅▅▅▅▅
     ▅▅▅▅▅▅▅▅▅▅▅           JOSEPH LABUDA, ESQ.

cc: Local 32BJ, S.E.I.U.,

*OFFICE OF THE CONTRACT ARBITRATOR*    MAY 1 5 2007

John L. Anner
Stuart Bauchner
Noel Berman
Nicholas Cooney
John Dorsey
Howard C. Edelman
Robert Herzog

*Contract Arbitrators*

| *To ensure case is still on as scheduled, please call this office 24 hours in advance* |

Theodore H. Lang
Marilyn M. Levine
Randi Lowitt
Earl Pfeffer
Elliott D. Shrifman
Walter X. Stanton
Bernard Young

*370 7th Avenue Suite 301*
*New York, NY 10001*
**Tel: 212-645-0779**
**Fax: 212-645-3229**

*In the Matter of the Arbitration between*

*MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,*
*SERVICE EMPLOYEES INTERNATIONAL UNION,*

*and*

▬▬▬▬▬▬▬▬▬▬

*Notice of Adjournment*

*Case #    24345*

**Re:** *Premises:*    *71 WEST 23RD STREET*

▬▬▬▬▬CLAIMING THAT THE EMPLOYER FILL THE OPEN POSITION BY
SENIORITY

*PEREMPTORY V UNION*

*PLEASE TAKE NOTICE that the hearing in the above matter at this office has*

*been adjourned to*    *JUNE 6TH 2007*    *at*    *1:15 PM*

*Dated:*    *5/9/07*

*Very truly yours,*

*Dawn E. Cervi*
*Administrator*

*To:*    

*JOSEPH LABUDA, ESQ.*

*cc: Local 32BJ, S.E.I.U.,*

OCT 1 9 2005

## OFFICE OF THE CONTRACT ARBITRATOR

John L. Anner
Stuart Bauchner
Noel Berman
Nicholas J. Cooney
John Dorsey
Robert Herzog
Theodore H. Lang

Marilyn M.Levine
Randi Lowitt
Earl Pfeffer
William L. Schecter
Walter X. Stanton
Bernard Young

*To ensure case is still on as scheduled, please call this office 24 hours in advance*

**Contract Arbitrators**

*50 West 23rd Street*
*New York, NY 10010*
**Tel: 212-645-0779**
**Fax: 212-645-3229**

In the Matter of the Arbitration between

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO

and

251 WEST 36TH STREET LLC
and

REALTY ADVISORY BOARD ON LABOR RELATIONS, INC.

Notice of Adjournment

Case #   21877

Re:  Premises : 255 WEST 36TH STREET

DAVID CALDERON: CLAIMING REINSTATEMENT TO HIS PRIOR POSITION WITH FULL BACK
PAY, BENEFITS, SENIORITY AND CONTRIBUTIONS TO THE BENEFIT FUNDS LOST BY THE
TERMINATION.

PLEASE TAKE NOTICE that the hearing in the above matter at this office has

been adjourned to    DECEMBER 1, 2005    at    9:30AM

Dated:   October 17, 2005

Very truly yours,

Dawn E. Cervi
Administrator

To:    251 WEST 36TH LLC
       255 WEST 36TH STREET
       NEW YORK, NY 10018

       JOSEPH LABUDA, ESQ.

251 WEST 36TH STREET, LLC
C/O DAVID ODERMATT HAIER AMERICA
1356 BROADWAY
NEW YORK, NY 10018

cc: Local 32B-32J, S.E.I.U , AFL-CIO
    Realty Advisory Board on Labor Relations, Inc

**Exhibit F**

# 2005

## Commercial Building
## AGREEMENT

BETWEEN

Local 32BJ
Service Employees
International Union, AFL-CIO

AND

THE REALTY ADVISORY
BOARD ON LABOR
RELATIONS, INC.

EFFECTIVE OCTOBER 1, 2004
TO DECEMBER 31, 2007

## ARTICLE VI

### Reason for Discharge

Any employee who is discharged shall be furnished a written statement of reason(s) for such discharge no later than five (5) working days after the date of discharge.

## ARTICLE VII

### Grievance Procedure

There shall be a Joint Industry Grievance Committee and a grievance procedure:

1. To try to decide all issues not covered by, and not inconsistent with, any provision of this agreement and which are not required to be arbitrated under its terms.

2. To try to decide without arbitration any issues between the parties which under this agreement they must submit to the Arbitrator.

3. The grievance may first be taken up between the representative of management and a representative of the Union. If it is not settled, it may be filed for arbitration.

4. All Union claims are brought by the Union alone and no individual shall have the right to compromise or settle any claim without the written permission of the Union.

22

5. Any matter submitted to arbitration shall be simultaneously submitted to the Joint Industry Grievance Committee.

6. The Committee shall be composed of representatives of the Union and the RAB, who may be present at any meeting. If the Committee meeting is not held before the arbitration date, the meeting will be cancelled. It shall be the function of the Committee to seek and encourage settlement of all disputes brought before it.

7. Any grievance, except as otherwise provided herein and except a grievance involving basic wage violations and Pension, Health, Legal, Training and Supplemental Savings and Retirement contributions, shall be presented to the RAB in writing within 120 days of its occurrence, except for grievances involving suspension without pay or discharge which shall be presented within 45 days, unless the Employer agrees to an extension. The Arbitrator shall have the authority to extend the above time limitations for good cause shown.

## ARTICLE VIII

### Arbitration

1. A Contract Arbitrator shall have the power to decide all differences arising between

23

the parties as to interpretation, application or performance of any part of this agreement, and such other issues as are expressly required to be arbitrated before him, including such issues as may be initiated by the Trustees of the Funds.

2. A hearing shall be initially scheduled within two (2) to fifteen (15) working days after either the Union or the RAB has served written notice upon the Office of the Contract Arbitrator, with copy to the other party, of any issue to be submitted. The Arbitrator's oath-taking, and the period, and the requirements for service of notice in the form prescribed by statute are hereby waived. A written award shall be made by the Arbitrator within ten (10) days after the hearing closes. If an award is not timely rendered, either the Union or the RAB may demand in writing of him that the award must be made within ten (10) more days. If no decision is rendered within that time, either the Union or the RAB may notify the Arbitrator of the termination of his office as to all issues sub-mitted to him in that proceeding. By mutual consent of the Union and the RAB, the time of both the hearing and decision may be extended in a particular case. If a party, after due written notice, defaults in appearing before the Arbitrator, an award may be rendered upon the testimony of the other party.

24

No more than one adjournment per party shall be granted by the Arbitrator without con-sent of the opposing party.

There shall be an expedited arbitration pro-cedure where the contract so provides which shall require the Arbitrator to hear and deter-mine the matter within four (4) weeks after the demand for arbitration is filed.

Due written notice means mailing, faxing or hand delivery to the address of the Employer furnished to the Union by the RAB.

In the event that the Union appears at an arbitration without the grievant, the Arbitrator shall conduct the hearing, provided it is not adjourned. The Arbitrator shall decide the case based upon the evidence adduced at the hear-ing.

3. The procedure herein with respect to mat-ters over which a Contract Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues, and the Arbitrator shall have the power to award appropriate remedies, the award being final and binding upon the parties and the employee(s) or Employer(s) involved. Nothing herein shall be construed to forbid either party from resorting to court for relief from, or to enforce rights under, any award. In any pro-ceeding to confirm an award of the Arbitrator,

25

3021

## Realty Advisory Board on Labor Relations, Incorporated
292 Madison Avenue
New York, N.Y. 10017
Tel.: (212) 889-4100
Fax : (212) 889-4105

### Application for Commercial Membership

Building Address: _255 W 36 ST_

Borough: _N.Y.C. N.Y_

Classification:    Office ___✓___    Loft _____

| Dues: | |
|---|---|
| $27.50 Semi Annually for all direct employees: | _4_ |
| $13.75 Semi Annually for all employees employed in the building by a contractor: | |
| **Minimum Dues are $225.00 Semi Annually** | |

        I understand that this membership may bind me to future contracts negotiated by the Realty Advisory Board on Labor Relations, Inc. (RAB) unless I exercise my option to withdraw from the bargaining group (not from membership) prior to the commencement of bargaining.

        The RAB by-laws require that a member be notified of the option to withdraw from the bargaining group prior to the commencement of bargaining.

        I hereby authorize the RAB to commit this building to be bound for the remainder of the term of the current Commercial Building Agreement between Local 32B-32J, Service Employees International Union, AFL-CIO and the RAB. (Cross this paragraph out if not applicable to your building.)



Owner: _251 W 36 LLC_

Agent: _FREDY SROUR / JOSEPH STAVRACH_

Signature: _____

Address: _255 W 36 ST_

Telephone: _718-643-6100 / 212-365-8600_

Designated Representative: _FREDY / JOSEPH_

Date of Closing: _1/15/04_

### PLEASE COMPLETE ALL INFORMATION

**Exhibit G**

# MILMAN & HEIDECKER
### ATTORNEYS AT LAW
3000 MARCUS AVENUE
SUITE 3W3
LAKE SUCCESS, NEW YORK 11042

LAWRENCE I. MILMAN
PERRY S. HEIDECKER
ROBERT F. MILMAN
RICHARD I. MILMAN
JOSEPH M. LABUDA*

*ALSO ADMITTED IN NJ

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082

*VIA FACSIMILE - (212) 388-3952*

MICHAEL J. MAURO
MATTHEW J. MEHNERT

Author's Direct E-Mail Address:
joelabuda@mhlaborlaw.com

September 2, 2005

Debra Marakowitz, Esq.
Local 32B-32J, S.E.I.U.
101 Avenue of the Americas
New York, NY 10013-1906

Re:    251 West 36th Street

Dear Debra:

This letter shall serve to confirm that our meeting scheduled for today has been postponed in order to allow the business agent to attend. Please contact me to reschedule this meeting at your earliest convenience. Also, this letter confirms that the arbitration scheduled for September 8, 2005 has been administratively adjourned.

Please contact me if you have any questions.

Very truly yours,

MILMAN & HEIDECKER

Joseph M. Labuda

cc:    Mr. Fred Srour (via fax)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, SPECIAL TERM
-------------------------------------------------------------x

251 WEST 36th STREET LLC,                        Index No.: 107835/2007

                              Petitioner,

        - against -                              **VERIFIED PETITION TO
                                                 VACATE THE ARBITRATION
                                                 AWARD**

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION

                              Respondent.
-------------------------------------------------------------x

        JOSEPH M. LABUDA, an attorney duly admitted to practice law in the State of

New York, affirms under the penalty of perjury:

        1.      I am a partner at Milman & Heidecker which represents Petitioner in its

labor and employment law matters.  As such, I am familiar of the facts concerning this

matter.

        2.      Petitioner, 251 West 36th Street LLC is a corporation organized and

existing under the laws of the State of New York.  Petitioner's headquarters and principle

place of business is located at 369 Lexington Avenue, New York, New York.

        3.      Respondent, Local 32BJ, Service Employees International Union,

("Union") is a labor union organized and existing under the laws of the State of New

York, and has offices at 101 Avenue of the Americas, New York, NY 10013-1906.

**FACTS**

        4.      Petitioner and the Union are signatories to a collective bargaining

agreement ("CBA") that governs the wages, hours and other terms and conditions of the

building service workers employed by the Petitioner.

5.      In around February 15, 2007, a dispute arose between the parties regarding an alleged improper reduction in force by Petitioner.

6.      On March 7, 2007, Milman & Heidecker informed the Union that it represented the Petitioner and to send all future correspondence to it.  (The March 7, 2007 letter is attached hereto as Exhibit "A".)

7.      The dispute was submitted to the Office of the Contract Arbitrator who scheduled an arbitration hearing for April 5, 2007.

8.      The Office of the Contract Arbitrator ("OCA") mailed a notice of the April 5, 2007 arbitration on March 27, 2007.  However, the notice went to 251 West 36th Street, the actual building site, and not to 369 Lexington Avenue where the managing agent's office is located.  (The notice is attached hereto as Exhibit "B".)

9.      Neither the Union nor OCA informed Milman & Heidecker about the scheduled arbitration.

10.     Upon receiving the notice on March 28, 2007, the Building sent the notice to the managing agent, Fred Srour at 369 Lexington Avenue, New York, New York.

11.     However, the Fred Srour did not receive the notice until April 12, 2007 because he was observing the Passover holiday.

12.     Due to the lack of notice regarding the April 5, 2007 arbitration, the Petitioner did not appear at the arbitration.

13.     Petitioner would have been unable to appear at the arbitration even if it had notice of the April 5, 2007 hearing because its managing agent was observing the Passover holiday.

14.     On April 5, 2007, when the Petitioner did not appear at the arbitration, the Union did not attempt to contact Milman & Heidecker even though the Union knew that Milman & Heidecker represented Petitioner.

15.     On April 5, 2007, an arbitration hearing was held before Contract Arbitrator Marilyn M. Levine despite Petitioner's absence due to inadequate notice.

2

16.    Immediately upon receiving the notice regarding the April 5, 2007 arbitration on his return to work from the Passover holiday on April 11, 2007, the Building's bookkeeper, Yeduda Gaon contacted me. The following day, I wrote to Arbitrator Levine to inform her why the Petitioner did not appear for the arbitration and requested that the arbitration be rescheduled at the earliest possible date. (The April 12, 2007 letter is attached hereto as Exhibit "C".)

17.    Nevertheless, on May 1, 2007, Arbitrator Levine rendered an award sustaining the Union's grievance. (A copy of the Arbitrator's award and opinion is attached hereto as Exhibit "D".)

18.    On or about May 10, 2007, Petitioner received a copy of the award and seeks to vacate the award.

## UNION FAILED TO GIVE PROPER NOTICE OF ARBITRATION

19.    The parties to an arbitration are entitled to a "fundamentally fair hearing." Kaplan v. Alfred Dunhill of London, Inc., 1996 U.S. Dist. LEXIS 16455, *14 (S.D.N.Y.), quoting Bell Aero Space Co. Div of Trextron, Inc. v. Local 516, U.A.W., 500 F 2d. 921, 923, (2d Cir. 1974)(other citations omitted). The traditional requirements of due process are: (1) notice and (2) opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S. Ct. 652, 99 L.E. 865 (1950). The due process standard is met when the parties have had adequate notice and opportunity to be heard by unbiased decision makers. In re McMahan & Co., 230 A.D. 2d 1, 4, 656 N.Y.S. 2d 620,621 (1st Dept. 1999); Bevona v. Superior Maintenance Co., 204 A.D.2d 136 (App. Div. 1st Dep't. 1994)(arbitrator's refusal to grant adjournment which foreclosed the presentation of evidence and resulted in the effective exclusion of an entire issue constituted misconduct by the arbitrator.); Austern v. Chicago Board Options Exchange, Inc., 716 F. Supp. 121, 123 (S.D.N.Y. 1989)(referencing denial of petition to confirm arbitration award because of inadequate notice).

3

20.    C.P.L.R. § 7506(b) requires at least eight (8) days notice of an arbitration. Here, Petitioner was not given adequate notice.  The Building received notice on March 28, 2007; however, no one at the Building is authorized to accept legal service for arbitrations or otherwise.  The Managing Agent, who was out for religious observances did not learn about the arbitration until May 11, 2007, i.e. <u>after</u> the arbitration had occurred.  Therefore, Petitioner did not receive proper notice of the arbitration.

21.    I have handled hundreds of arbitrations at the OCA.  The OCA routinely provides notice of at least one (1) month in advance of any scheduled hearing.  In fact, I have recently received OCA notices of hearings at least one (1) month in advance. Further, the OCA previously provided Petitioner with six (6) weeks' notice of a prior arbitration.  (The recent OCA notices (including Petitioner's prior notice) are attached hereto as Exhibit "E".)  Thus, such "short notice" combined with the observance of the Passover holidays is grounds to vacate the award.

22.    Moreover, as discussed above, on March 7, 2007, I informed the Union that I represented the Company.  Yet, I was not notified about the hearing nor was I even called on the day of the hearing to discuss Petitioner's absence.

23.    This lack to notice to me is especially galling given that I previously dealt with the same Union attorney (Debra Marakowitz) on previous arbitrations involving Petitioner.  (See September 2, 2005 letter to Debra Marakowitz from me attached hereto as Exhibit "F").

24.    Ms. Marakowitz, who handled the April 5, 2007 arbitration for the Union, should have informed the arbitration of my involvement and called me (This is the standard practice in New York Supreme Court when a party is absent: the opposing counsel calls the absent party).

25.    Based on the above, the Union failed to provide proper notice, and the award should be vacated.

## ARBITRATOR FAILED TO ADJOURN CASE AND ABUSED HER POWER

26.     Article VIII, Sect. 2 of the CBA provides for one (1) adjournment per party of the arbitration hearing. (See Exhibit "G").

27.     The OCA routinely grants adjournments to the Union and to Companies who are unable to attend arbitrations. In fact, I have been involved in literally hundreds of OCA arbitrations that have been adjourned. Yet, in this case, the arbitrator failed to adjourn this case. The arbitrator could have adjourned this case after the fact based on my April 12, 2007 letter. (See Exhibit "C").

28.     The arbitrator abused and exceeded her power by failing to adjourn the case when Petitioner explained its reason for its absence at the April 5, 2007 arbitration (See Exhibit "C").

## UNION FAILED TO COMPLETE CONDITIONS PRECEDENT

29.     Article VII of the CBA requires that any matter submitted to arbitration also be simultaneously submitted to the Joint Industry Grievance Committee to attempt resolution before arbitration. (See Exhibit "G").

30.     The Union failed to submit its grievance to the committee and no meeting was ever scheduled.

31.     One of the reasons for the joint meeting is to make the parties aware of the arbitration and attempt settlement.

32.     The Union's failure to submit the matter to the Joint Committee deprived Petitioner of its contractual right.

33.     Moreover, the Union's failure prejudiced Petitioner since Petitioner would have learned of the grievance and pending arbitration.

34.     Due to the Union's failure to complete all conditions precedent in the CBA, the arbitration should not have occurred, and the award must be vacated.

## ARBITRATOR EXCEEDED SCOPE OF AUTHORITY

35.    Article VII, Section 7 of the CBA requires that all grievances be presented to the Realty Advisory Board ("RAB") in writing within 120 days of its occurrence.

36.    Upon information and belief, the Union never presented the grievance to the RAB.

37.    Thus, the arbitrator abused and exceeded the scope of her authority by allowing an arbitration to proceed without proper and timely notice to all parties under the CBA.

## AWARD IS INCOMPLETE AND MUST BE VACATED

38.    CPLR 7511 (b)(i)(iii) mandates vacatur of an arbitration award where the award is not "final and definite."

39.    An award is totally deficient "if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy" Meisels v. Uhr, 79 N.Y.2d 526, 536, 583 N.Y.S.2d 951, 955, 593 N.E.2d 1359, 1363 (1992).

40.    In this case, the award is deficient in several respects. First, the award does not indicate any amount owed for Fund contributions and thus does not determine Petitioner's obligations. Second, it creates a new controversy by directing Petitioner to pay the remaining employees "who performed additional duties" the wages saved by Petitioner. Yet the question remains, who are these employees? Since this question remains unanswered, the award is indefinite, creates a new controversy and must be vacated.

## PETITIONER HAS MERITORIOUS DEFENSES

41.    Petitioner has meritorious defenses which it would like to present to an arbitrator. (See Fred Srour Affidavit). First, Petitioner entered into an agreement with the Union to reduce the super's position and has not replaced him. Second, the position by Melvin Avila has been eliminated due to construction taking place at the building.

42.    Petitioner should have the right to present its strong and meritorious defenses to an arbitrator.  Petitioner asserts that if given the opportunity to present its side of the story, it will prevail in arbitration.

## CONCLUSION

43.    Petitioner now respectfully requests that the Court vacate the arbitration award on the grounds that its managing agent was not notified that an arbitration was scheduled for April 5, 2005, and that therefore, it was not given the opportunity to present its case.

44.    Petitioner has no objection to arbitrating its dispute with the Union.  It simply wishes the opportunity to present its side of the case to an arbitrator (other than Arbitrator Levine).

45.    No previous application has been made for the relief sought herein.

WHEREFORE, Petitioner 251 West 36th Street LLC requests an Order and Judgment vacating the arbitration award pursuant to Section 7511 of the Civil Practice Law and Rules.

Dated:        June 1, 2007
              Lake Success, New York

                              MILMAN & HEIDECKER

                              By: _____
                              Joseph M. Labuda
                              Attorneys for Petitioner, 251 West 36th
                              Street LLC
                              3000 Marcus Avenue, Suite 3W3
                              Lake Success, New York  11042
                              (516) 328-8899

7

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                         )ss.:

COUNTY OF NASSAU    )

     **JOSEPH M. LABUDA**, being duly sworn, deposes and says:

     I am a member of the law firm of Milman & Heidecker, the attorneys for the

Petitioner, **251 WEST 36TH STREET LLC**, in the within action; I have read the

foregoing Verified Petition and know the contents thereof; the same is true to my own

knowledge, except as to the matters therein stated to be alleged on information and belief,

and as to those matters I believe it to be true.

     This verification is made by me because the Petitioner is not located within the

County of Nassau.

     The grounds of my belief as to all matters not stated upon my own knowledge are

as follows:  interview of witnesses and review of documents.

                                         JOSEPH M. LABUDA

Sworn to before me this
1st day of June, 2007

LORIANN BUSTELO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01BU6056336
QUALIFIED IN NASSAU COUNTY
CERTIFICATE FILED IN NASSAU COUNTY
COMMISSION EXPIRES _____

**Exhibit A**

# MILMAN & HEIDECKER
### ATTORNEYS AT LAW
3000 MARCUS AVENUE
SUITE 3W3
LAKE SUCCESS, NEW YORK 11042

LAWRENCE I. MILMAN
PERRY S. HEIDECKER
ROBERT F. MILMAN
RICHARD I. MILMAN
JOSEPH M. LABUDA*

*ALSO ADMITTED IN NJ

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082

MICHAEL J. MAURO
MATTHEW J. MEHNERT
JAMIE S. FELSEN

Author's Direct E-Mail Address:
joelabuda@mhlaborlaw.com
Direct Dial:
(516) 303 -1380

March 7, 2007

Mr. Oscar M. Pineda
Delegate, District 3
Local 32B-J S.E.I.U.
101 Avenue of the Americas
New York, NY 10013

Re:    251 West 36th Street
       M&H File No. 88-05

Dear Mr. Pineda:

This law firm represents the above-referenced building. We are in receipt of your Reduction In Force Information Request dated February 15, 2007.

Please call me to discuss this matter.

Very truly yours,

MILMAN & HEIDECKER

Joseph M. Labuda

cc:    Fred Srour



**32BJ**

**SEIU**

*Stronger Together*

SERVICE EMPLOYEES
INTERNATIONAL UNION
CLC

**MICHAEL P. FISHMAN**
President

**KEVIN J. DOYLE**
Executive Vice President

**HÉCTOR J. FIGUEROA**
Secretary-Treasurer

**KYLE BRAGG**
Vice President

**LENORE FRIEDLAENDER**
Vice President

**BRIAN LAMBERT**
Vice President

**KRYSTYNA ROSARIO**
Secretary

**Online at:**
www.seiu32bj.org

**Local 32BJ Headquarters:**
101 Avenue of the Americas
New York, NY 10013-1991
212.388.3800

**Bronx/Westchester Office:**
140 Huguenot Street
New Rochelle, NY 10801
914.637.7000

**Connecticut Offices:**
196 Trumbull Street, Suite 400
Hartford, CT 06103
860.560.8674
1.800.228.5253

77 Bedford Street, 4th Floor
Stamford, CT 06901
203.602.6615

**Long Island Office:**
2545 Hempstead Turnpike
Suite 300
East Meadow, NY 11554
516.579.4020

**New Jersey Office:**
560 Broad Street, 4th Fl.
Newark, NJ 07102
973.824.32BJ
1.866.5JANITOR

**Window Cleaners Division:**
101 Avenue of the Americas
20th Floor
New York, NY 10013
212.539.2901

**Theater, Amusement
& Cultural Division**
101 Avenue of the Americas
20th Floor
New York, NY 10013
212.388.3974

## REDUCTION IN FORCE INFORMATION REQUEST

DATE: _2/15/07_

VIA FAX # _(718) 643-3991_

EMPLOYER: _255 W. 36 Street — (212) 983-2290_

RE:   Reduction in Force
Building Address:   _255 W. 36 Street_

Auto No.   _____

Dear _Mr. Joseph Stavrach_                    :

SEIU Local 32BJ is investigating a reduction in forced grievance filed by the above member. In order to investigate and determine the merits of this grievance, we are requesting the following information be provided within seven (7) days:

1. Copy of the letter/notification sent to Local 32BJ requesting a reduction in the number of employees and/or hourly work schedule at the above building;

2. The precise work to be eliminated, setting forth the man-hours spent on each task to be eliminated;

3. The reason for reduction, specifying whether the reduction is being made pursuant to one or more of the following:

   a. change in work specifications/assignments;
   b. elimination of all or part of specified work;
   c. vacancies in the building, tenants performing the work;
   d. introduction of technological advances; and/or
   e. a change in the nature or type of occupancy.

4. All work schedules showing hours, cleaning area footage and frequency of cleaning existing prior to and after the reduction; and

4. Other: _____

The above requested information must be provided pursuant to Section 8(a)(5) of the National Labor Relations Act and the parties' collective bargaining agreement. If the above information is not timely provided the Union will be left with no alternative but to process this grievance to Step 2/RAB and/or at the Office of the Contract Arbitrator, or in another forum, and may result in the Union filing an unfair labor practice charge with the National Labor Relations Board.



OSCAR M. PINEDA
Delegate, District 3

SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, CLC
101 Avenue of the Americas • New York, NY 10013-1991

**Exhibit B**

## OFFICE OF THE CONTRACT ARBITRATOR

John L. Anner
Stuart Bauchner
Noel Berman
Nicholas Cooney
John Dorsey
Howard C. Edelman
Robert Herzog

Contract Arbitrators

| To ensure case is still on as scheduled, please call this office 24 hours in advance |

Theodore H. Lang
Marilyn M. Levine
Randi Lowitt
Earl Pfeffer
Elliott D. Shriftman
Walter X. Stanton
Bernard Young

370 7th Avenue Suite 301
New York, NY 10001
Tel:  212-645-0779
Fax: 212-645-3229

In the Matter of the Arbitration between

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION

Notice of Hearing

Case # 24632

and

251 WEST 36TH LLC

PLEASE TAKE NOTICE  that a  hearing re premises: 215-59 WEST 36TH STREET

Has been scheduled for  APRIL 5, 2007     at     9:30AM

The Union alleges that a dispute has arisen under the COLLECTIVE BARGAINING

AGREEMENT between the parties concerning

REDUCTION IN FORCE – CLAIMING RESTORATION OF THE BARGAINING UNIT TO ITS
ORIGINAL SIZEE, PAYMENT  TO THE REMAINING WORKERS THAT PERFORMED ADDITIONAL
DUTIES ALL WAGES SAVED BY THE UNAUTHORIZED REDUCTION IN FORCE AND PAYMENT
TO THE UNION ALL FUND CONTIBUTION CONTRIBUTIONS, INTEREST, DAMAGES AND FEES
DUE BY THE UNAUTHORIZED REDUCTION IN FORCE.

Dated :  3/26/0

To:     251 W.
        255 W.
        NEW Y

cc: Local 32B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

251 West 36th LLC
255 West 36th St
NY NY 10018

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004     Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                            ☐ Agent
                             ☐ Addressee
B. Received by ( Printed Name)     C. Date of Delivery
3/29/07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

**Exhibit C**

## MILMAN & HEIDECKER
### ATTORNEYS AT LAW
3000 MARCUS AVENUE
SUITE 3W3
LAKE SUCCESS, NEW YORK 11042

LAWRENCE I. MILMAN
PERRY S. HEIDECKER
ROBERT F. MILMAN
RICHARD I. MILMAN
JOSEPH M. LABUDA*

*ALSO ADMITTED IN NJ

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082

MICHAEL J. MAURO
MATTHEW J. MEHNERT
JAMIE S. FELSEN

Author's Direct E-Mail Address:
joelabuda@mhlaborlaw.com
Direct Dial:
(516) 303-1380

_**VIA FACSIMILE - (516) 325-6264 and First Class Mail**_

April 12, 2007

Arbitrator Marilyn M. Levine
Office of the Contract Arbitrator
370 7th Avenue – Suite 301
New York, NY 10001

Re:     **251 West 36th Street LLC**
        **Case No.: 24632**
        **M&H File No.: 88-2005**

Dear Arbitrator Levine:

This law firm represents 251 West 36th Street LLC ("Company") in the above-referenced matter. This letter is written to request that the Arbitrator not issue a default award against the Company for its failure to appear at the April 5, 2007 arbitration.

The reason for the Company's failure to appear is due to office failure. The Office of the Contractor Arbitrator mailed the notice of hearing on March 27, 2007. However, the notice went to the actual building site and not the managing agent's office at 369 Lexington Avenue. As a result, the building manager (who was out for the Passover holiday) only received the notice on April 11, 2007. Consequently, he did not know of the arbitration and he did not contact the Office of the Contract Arbitrator to request an adjournment as he was observing the Passover holiday and could not attend the April 5, 2007 arbitration.

Moreover, the Union knew that this law firm represented the Company, but failed to notify us of the arbitration date. (See attached letter). In fact, the Union failed to contact me

Arbitrator Marilyn M. Levine
Office of the Contract Arbitrator
April 12, 2007
Page 2

about its request for information.   Furthermore, the Union has previously sent letters to the Company's management offices (369 Lexington Avenue), but did not do so on this occasion.

Lastly, it should be noted that the OCA letter only gave the Company about a week's notice of the hearing which is insufficient notice of any hearing.   In fact, C.P.L.R. § 7506(b) requires at least eight (8) day's notice of any hearing.

Therefore, the Company respectfully requests that the Arbitrator not issue a default award and schedule the matter for a hearing on the merits at the earliest possible date.

Very truly yours,

MILMAN & HEIDECKER

Joseph M. Labuda

JML:pag

Cc:     Debra Marakowitz – Via Facsimile
        Yehuda Gaon – Via Facsimile

**Exhibit D**

- - - - - - - - - - - - - - - - - - - - - X

In the Matter of the Arbitration between

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,        **OPINION AND AWARD**
SERVICE EMPLOYEES INTERNATIONAL UNION           Case # 24632

                    - and -

251 WEST 36TH STREET LLC


- - - - - - - - - - - - - - - - - - - - X

**APPEARANCES:**
For the Union:              Deborah L. Marakowitz, Esq.
                           Associate General Counsel

                           Oscar Pineda, Business Agent

For the Employer:          Did not appear


Employee:

Premises:                  215-59 West 36th Street

                    - - - - - - - - - - - - - - - - -

A dispute having arisen between 251 WEST 36TH STREET LLC (hereinafter referred to as the "Employer"), and Local 32BJ, Service Employees International Union (hereinafter referred to as the "Union"), concerning property at 215-59 West 36th Street, the same was submitted to the undersigned for Arbitration and Award pursuant to the pertinent provisions of the then current Collective Bargaining Agreement between the parties at a hearing scheduled for April 5, 2007.

In a letter to the Office of the Contract Arbitrator dated

1

February 27, 2007, the Union alleged the following complaint, and the same was by mutual consent of the parties submitted to the Undersigned for adjudication and Award.

> The employer has implemented an unauthorized reduction in force by not replacing the position vacated by Melvil Avila and by replacing the position vacated by the superintendent, David Calderon, with a non-bargaining unit worker.
>
> We are claiming restoration of the bargaining unit to its original size, payment to the remaining workers that performed additional duties all wages saved by the unauthorized reduction in force and payment to the union all fund contributions, interest, damages and fees dues by the unauthorized reduction in force.

Despite notification of a scheduled Arbitration Hearing on April 5, 2007, the Employer failed to appear, or to interpose a defense to its non-appearance.

Accordingly, an *ex parte* Hearing was held, at which time Union Counsel and the Union Delegate appeared.

Union Counsel made an opening statement, and called as her witness, Union Delegate Oscar Pineda, who testified under oath.

## ISSUE

Whether the Employer improperly reduced force in violation of the collective bargaining agreement.

If so, what shall be the remedy?